■ In the Matter of the Custody of Douglas L. Bolling, an Infant. June L. Bolling, Appellant; v Robert Bolling, Respondent. —Order unanimously modified in accordance with memorandum and, as modified, affirmed, without costs. Memorandum: The parties having separated under an oral arrangement by which respondent father was given temporary custody and care of the sole issue of the marriage, Douglas, now five years of age, the wife promptly petitioned Family Court to award his custody to her. Pending a hearing on the petition, the court granted visitation rights to petitioner, providing that she have the boy weekly from 10:00 A.M. on Saturday until 5:00 P.M. on Monday. Following the hearing, the court denied the petition and awarded custody to respondent, it being recited in the order, "as there has been no showing after testimony suffi-

cient to change custodial placement." The court erred in treating this as a change of custody case. The parents having separated, it is simply a question of which parent will take better care of the child, and will be better for the child's happiness and development. Despite the apparent error with respect to the burden of proof, upon the record we find no reason to conclude that the court erred in awarding custody of the son to the father, the respondent (see *Matter of FF v FF*, 37 AD2d 893; Family Ct Act, § 651, subd [b]). The court committed further error, however, in failing to provide for visitation rights for petitioner. The matter is, therefore, remitted to Family Court to grant appropriate visitation rights to petitioner, and, if either party so requests, to conduct a further hearing on that issue to assist the court in arriving at proper visitation provisions. (Appeal from order of Steuben County Family Court—custody.) Present—Moule, J. P., Cardamone, Simons, Dillon and Witmer, JJ.